IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02796-BNB

VIRGIL CROFFER, # 122229,

      Plaintiff,

v.

ARISTEDES ZAVARAS, Exec. Dir., C.D.O.C.,
BEVERLY DOWIS, Admin. Dir., S.C.F. Medical Dept., and
KEVIN MILYARD, S.C.F. Warden,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 8 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Virgil Croffer, currently resides in Thornton, Colorado. Mr. Croffer, acting *pro se*, initiated this action by submitting a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint alleging that his constitutional rights were violated during his incarceration. Because Mr. Croffer no longer is incarcerated, the Court instructed Mr. Croffer to submit his claims on a Court-approved Complaint form that is used by non-prisoners, and to submit a Court-approved 28 U.S.C. § 1915 Motion and Affidavit form that also is used by nonprisoners. On December 16, 2009, Mr. Croffer complied with the Court's order but failed to state any claims on the Complaint form that he submitted.

The Court, however, has reviewed the claims Mr. Croffer set forth in the original Prisoner Complaint that he submitted on November 18, 2009. In the Prisoner Complaint, Mr. Croffer asserts that Defendants denied him adequate medial treatment in violation of his Eighth and Fourteenth Amendment rights, which caused him to

endure months of suffering.  Mr. Croffer seeks money damages.  For the reasons stated below, Mr. Croffer will be ordered to file an Amended Complaint.

Mr. Croffer fails to assert personal participation by named defendants.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Croffer must name and show how named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Croffer, therefore, will be directed to file an Amended Complaint that asserts all claims and clarifies in each claim who he is suing and alleges **specific** facts that demonstrate how each named defendant personally participated in the asserted constitutional violation.  In order for Mr. Croffer to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [  ]; when the defendant did it; how the defendant's action harmed him [  ]; and, what specific legal right [he] believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Croffer file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Croffer, together with a copy of this Order, two copies of a Court-approved Complaint form to be used in submitting the Amended Complaint.  It is

FURTHER ORDERED that if Mr. Croffer fails to file an Amended Complaint within the time allowed the action will be dismissed without further notice.

DATED December 28, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02796-BNB

Virgil Croffer
9440 Hoffman Way #D-104
Thornton, CO 80229

        I hereby certify that I have mailed a copy of the **ORDER and two copies of the
Complaint** to the above-named individuals on 12/28/09

                                GREGORY C. LANGHAM, CLERK


                                By: _____
                                          Deputy Clerk